MCGUIREWOODS LLP
Adam F. Summerfield SBN #259842
1800 Century Park East
8th Floor
Los Angeles, CA 90067-1501
Telephone: 310.315.8200
Facsimile: 310.315.8210
Attorneys for Defendants
BANK OF NEW YORK MELLON f/k/a The Bank of New York, as Trustee for the Luminent Mortgage Trust, Mortgage Pass-through certificates, series 2006-1; RECONTRUST COMPANY, N.A.; BANK OF AMERICA, N.A.; and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE A. GOUDIE,<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF NEW YORK MELLON, FKA BANK OF NEW YORK, as Trustee for the Luminent Mortgage Trust, Mortgage Pass-through certificates, series 2006-1, a business entity, form unknown; RECONTRUST COMPANY, N.A., a business entity, form unknown; BANK OF AMERICA, N.A., a business entity, form unknown; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., form unknown; and DOES 1-10 inclusive,<br><br>Defendants. | CASE NO. 5:14-cv-00539-PA-PJW<br><br>The Hon. Percy Anderson<br>Dept. 15<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Date: September 8, 2014<br>Time: 1:30 p.m.<br>Courtroom: 15<br><br>[Filed concurrently with Request for Judicial Notice; and Proposed Order] |

PLEASE TAKE NOTICE that Defendants The Bank of New York Mellon, f/k/a The Bank of New York, as Trustee for the Luminent Mortgage Trust, Mortgage Pass-through certificates, series 2006-1 ("BNYM"), ReconTrust Company, N.A. ("ReconTrust"), Bank of America, N.A. ("BANA"), and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively, "Defendants") by and

-1-
DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS

through their undersigned attorneys, will move this Court to dismiss Plaintiff's Complaint on September 8, 2014, at 1:30 p.m. in Courtroom 15 of the District Court for the Central District of California, located at 312 N. Spring Street, Los Angeles, California 90012, or as soon thereafter as the parties may be heard..

Defendants hereby move that the Court dismiss the Complaint with prejudice. The Defendants request to be excused from the meet and confer requirement of Local Rule 7-3 because Plaintiff is *pro se*.

This motion is made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that Plaintiff's general and conclusory allegations do not state a judiciable claim for relief. This motion is based upon this Notice, the attached Memorandum of Points and Authorities, the concurrently filed request for judicial notice, the pleadings and records on file, and any additional written or oral evidence presented at the time of hearing.

DATED: August 8, 2014         Respectfully submitted,

MCGUIREWOODS LLP

By: ___*/s/ Adam F. Summerfield*___
Adam F Summerfield, Esq.
Attorneys for Defendants
BANK OF NEW YORK MELLON f/k/a The Bank of New York, as Trustee for the Luminent Mortgage Trust, Mortgage Pass-through certificates, series 2006-1; RECONTRUST COMPANY, N.A.; BANK OF AMERICA, N.A; and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff's First Amended Complaint alleges a whole host of theories, vagaries, and unfounded allegations in an attempt to place blame for the foreclosure of his home on every entity potentially associated with his home mortgage loan – except for the one person who actually failed to make the required payments. Plaintiff devotes nearly all of the first twenty-six pages (65 paragraphs) to detailing how "securitization" and "credit default swaps" operate in general, and decries these practices as feeding investors' "insatiable and reckless greed… by tapping directly into the American Dream —home ownership." First Amended Complaint ("FAC"), ¶ 12 (Dkt. No. 8). Yet, Plaintiff's vitriol merely hides the fact that he was obligated to make his payments under his loan agreement; his failure to do so and the repercussions for same, while unfortunate, are simply not actionable.

## II.   STATEMENT OF FACTS

On December 7, 2005 Plaintiff entered into a loan with America's Wholesale Lender ("AWL"), a New York Corporation, in the amount of $300,000.00. This was secured by a deed of trust ("DOT") on the real property located at 929 Myrtle Avenue, Big Bear City, CA 92314 ("Property"), and recorded in the Official Records of the County of San Bernardino as Document No. 2005-0957731. Dfts' Req. for Judicial Notice ("RJN"), ¶ 1, Ex. A. The trustee in the DOT was "***San Bernardino***CTC Real Estate Services," with Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary, acting solely as the nominee for the Lender and its successors and assigns under the DOT. RJN, Ex. A at pp. 2-3. Further, the promissory note itself states, in paragraph 1, that "[borrower] understand[s] that Lender may transfer this note. Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the 'Note Holder.'" RJN, ¶ 2, Ex. B, at ¶ 1.

Subsequently, Plaintiff began to fall behind on his obligations under the note and DOT, and by March 22, 2011, Plaintiff had an outstanding indebtedness of $16,929.26. RJN, ¶ 3, Ex. C. As a result, MERS caused a Notice of Default ("NOD") to be recorded in the Official Records of the County of San Bernardino by its agent, ReconTrust Company, N.A. ("ReconTrust"), as Document No. 2011-0114728. *Id.*, Ex. C, at p. 3.

On March 29, 2011, ReconTrust was substituted as trustee in place of \*\*\*San Bernardino\*\*\*CTC Real Estate Services in the Official Records of the County of San Bernardino, as Document No. 2011-124232. RJN, ¶ 4, Ex. D.

Immediately after, MERS, as beneficiary, assigned the DOT to The Bank of New York Mellon fka The Bank of New York, as trustee for the Certificateholders of the Luminent Mortgage Trust 2006-1, Mortgage Pass-Through Certificates, Series 2006-1 ("BNYM"). This was recorded in the Official Records of the County of San Bernardino as Document No. 2011-124233. RJN, ¶ 5, Ex. E.

Plaintiff failed to repay his arrearage, and on June 27, 2011, a Notice of Trustee's Sale was recorded in the Official Records of the County of San Bernardino, as Document No. 2011-0258587, indicating that the total unpaid balance on Plaintiff's obligation was $331,713.40. RJN, ¶ 6, Ex. F.

The obligation remained outstanding, and on February 27, 2013 another Notice of Trustee's Sale was recorded in the Official Records of the County of San Bernardino, as Document No. 2013-0084156, indicating that the total unpaid balance had increased to $361,633.60. RJN, ¶ 7, Ex. G.

The trustee's sale took place on March 22, 2013, at which the Property was sold to a third party, Martingale Investments, LLC. The Trustee's Deed Upon Sale ("TDUS") was then recorded on April 5, 2013 in the Official Records of the County of San Bernardino as Document No. 2013-0140432. RJN, ¶ 8, Ex. H.

From this evidentiary record, Plaintiff makes conclusory and unsubstantiated allegations. For example, Plaintiff asserts that AWL "never sold, transferred, or

1  granted his Note or Mortgage to the Sponsor, Depositor, or [BNYM] and…
2  [BNYM] is merely a third-party stranger to the loan transaction." FAC, ¶ 24. He
3  also blindly claims that the assignment of the DOT (RJN, Ex. D) ("ADOT") never
4  actually occurred, and that the signatory of MERS "intentionally misrepresented to
5  Plaintiff in writing that [BNYM] had acquired an interest in his Note and Mortgage,
6  and that MERS had endorsed, transferred, and negotiated his Note to [BNYM]."
7  FAC, ¶ 26. Yet, as the document plainly states, at no point did MERS state,
8  implicitly or expressly, that Plaintiff's note was endorsed, transferred, or negotiated.
9  RJN, Ex. D. His evidence is that "Plaintiff specifically disputes the contents and
10 authenticity of this document." FAC, ¶ 26.

11 He further disputes the ADOT because the signature of the notary was dated
12 three days after the signature of the MERS representative. *Id.*, ¶ 37. However, a
13 close reading of the notary's attestation shows that the notary certified that the
14 MERS representative personally appeared before him and proved to him "on the
15 basis of satisfactory evidence" that: (i) she was the person whose name was
16 subscribed to within the instrument; (ii) she acknowledged to him that she executed
17 the document in her authorized capacity; (iii) and that by her signature, the entity on
18 behalf of which she acted – MERS – executed the instrument. RJN, Ex. E. At *no*
19 point does the notary certify that the MERS representative executed the document in
20 front of him.

21 Plaintiff also claims that the assignment was improper because it did not
22 actually transfer any interest in his note or deed of trust. He argues, with no basis in
23 fact, that "[c]ontrary to the recitations contained in the 'Assignment' purportedly
24 executed on March 18, 2011: (1) MERS did not receive any value or consideration
25 for Plaintiff's Note and Mortgage, (2) MERS did not 'grant, assign, or transfer' any
26 interest in Plaintiff's Note and Mortgage; and (3) … the purported signatory of the
27 purported 'Assignment', was not the 'Assistant Secretary' for MERS and lacked the
28

requisite corporate and legal authority to effect an actual 'assignment' of Plaintiffs [sic] Note and Mortgage...." FAC, ¶ 36.

### III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." In ruling on a motion to dismiss, all of the well-pleaded factual allegations in a plaintiff's complaint must be accepted "as true and construed in the light most favorable to a non-moving party." *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). But a court is not required to accept "as true conclusory allegations that are contradicted by documents referred to in the complaint." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

Moreover, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations and citations omitted). More specifically, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (internal quotations and citations omitted). Finally, the factual allegations must be enough to raise a right to relief above the speculative level. *See Twombly*, 550 U.S. at 555.

### IV. PLAINTIFF'S GENERAL ALLEGATIONS LACK FOUNDATION.

**A. Defendants are not Required to Prove their Ownership Interest in the Note or Deed of Trust.**

Plaintiff's first theme is that Defendants did not have any valid interest in his note or deed of trust, and therefore any collection or foreclosure activity was

-4-

improper. FAC, ¶¶ 81, 88, 93, 98, 107, 124, 135, 138. However, Plaintiff's unsubstantiated claims, despite their lack of support, are also largely irrelevant under California law. Specifically, "a plaintiff may not use the courts to test whether the entity initiating a nonjudicial foreclosure has the authority to do so." *Rieger v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 58232, *24 (N.D. Cal. Apr. 23, 2013) (citing *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149, 1155 (2011)).

Section 2924 *et seq.* of the California Civil Code governs non-judicial foreclosures, and these statutes "provide a comprehensive framework for the regulation of a nonjudicial foreclosure sale pursuant to a power of sale contained in a deed of trust." *Moeller v. Lien*, 25 Cal. App. 4th 822, 830 (1994); *I.E. Assocs. v. Safeco Title Ins. Co.*, 39 Cal. 3d 281, 285 (1985) ("These provisions cover every aspect of exercise of the power of sale contained in a deed of trust."). As a result of the exhaustive nature of the statutory scheme and the general rule that statutory schemes supplant all other requirements when the scheme is comprehensive, California courts have refused to impose any requirements, from the California Commercial Code for example, in addition to what is already included in Cal. Civ. Code § 2924. *Moeller*, 25 Cal. App. 4th at 834 ("It would be inconsistent with the comprehensive and exhaustive statutory scheme regulating nonjudicial foreclosures to incorporate another unrelated cure provision into statutory nonjudicial foreclosure proceedings."); *I.E. Assocs.*, 39 Cal. 3d at 287-288 ("No case holding that a trustee of a deed of trust has any additional common law duties with respect to notice has been cited or found.").

Section 2924(a)(1) of the Civil Code permits the "trustee, mortgagee, or beneficiary or any of their authorized agents" to file a Notice of Default. As such, California state courts have granted demurrers to complaints challenging standing or requiring a party to legitimize or validate its authority to initiate the foreclosure process. *Gomes, supra.*

Further, Plaintiff's allegations that MERS had no authority to transfer any interest in his mortgage or deed of trust are belied both by judicially noticeable documents and by the law. Federal courts in California agree with these state holdings that a foreclosing party does not have to validate its legal interest in a mortgage note, so long as the designated beneficiary or its nominee initiates foreclosure. For example, in *Bascos v. Fed. Home Loan Mortg. Corp.*, the plaintiff sought a declaratory judgment regarding who had an interest in the mortgage note in order to foreclose. 2011 U.S. Dist. LEXIS 86248, at *11 (C.D. Cal. July 22, 2011). Relying on California law, the court rejected the declaratory relief request because MERS was identified as the nominee for the lender and its assigns. *Id.* at *12. Here, MERS is identified in the same fashion in the deed of trust – as "nominee for Lender and Lender's successors and assigns." RJN, Ex. A, at (C).

Moreover, "simply because the note may have been transferred . . . and then securitized does not affect MERS' authority to foreclose and sell the Subject Property." *Bascos*, 2011 U.S. Dist. LEXIS 86248, at *13. In granting the defendants' motion to dismiss, the court in *Bascos* held that "MERS had the authority or standing to initiate the foreclosure proceedings, assign the Deed of Trust, and execute the Substitution of Trustee." *Id.* at *15; *see also Boyter v. Wells Fargo Bank, N.A.*, 2012 U.S. Dist. LEXIS 47961 (N.D. Cal. Apr. 4, 2012) (allegations that the note was securitized and sold has no bearing on MERS rights as the beneficiary to foreclose).

**B.     The Assignment of the Deed of Trust was Valid.**

As stated above, Plaintiff repeatedly asserts that the ADOT from MERS to BNYM was invalid because the person who executed it lacked the requisite authority. FAC, ¶¶ 41-47. This is incorrect.

1. The ADOT was Properly Executed.

The DOT expressly stated that AWL was the lender and that MERS was the beneficiary. RJN, Ex. A. Further, the DOT granted MERS the authority "to

exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing or canceling this Security Instrument." *Id.*, at pp. 3-4.

Not only did Plaintiff acknowledge MERS' role as beneficiary and nominee of the lender and its successors and assigns when signing this Deed of Trust, but Plaintiff further agreed that MERS could transfer and assign the Deed of Trust to others. The language itself contemplated that the DOT could be transferred – it refers repeatedly to the lender's assigns and successors, and also mentions potential assigns and successors of MERS. *Id.*, at p. 3.

The ADOT from MERS to BNYM evidences that it was executed by Renee Friedman as Assistant Secretary of MERS. RJN, Ex. E. Plaintiff's allegations that Renee Friedman did not hold this office, and that no assignment actually occurred are unsupported and wholly conclusory. Such conclusory allegations are not entitled to be accepted as fact for purposes of a motion to dismiss. *See Pua v. Recontrust Co.*, 2011 U.S. Dist. LEXIS 82624, at *13 (C.D. Cal. July 28, 2011) (rejecting plaintiff's contention upon information and belief that individual signing document on behalf of MERS was not an employee, officer, or agent).

         2. <u>Plaintiff Lacks Standing to Attack the Validity of the Assignment</u>.

Since Plaintiff is neither a party to nor intended beneficiary of the ADOT, and Plaintiff does not allege as such, Plaintiff lacks standing to attack its validity. *See Killian v. Millard,* 228 Cal. App. 3d 1601, 1605 (1991) (holding that one not a party to a contract lacks standing to void the contract); *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992) (detailing the three elements necessary to constitute standing).

    **C.**    **The California Commercial Code does not Apply.**

Plaintiff also asserts rights under the California Commercial Code, this state's iteration of the Uniform Commercial Code ("UCC"). However, it is well-established that the UCC does not apply to nonjudicial foreclosures. *See, e.g., Aguirre v. Cal-Western Reconveyance Corp.*, 2012 U.S. Dist. LEXIS 12060, at *18-

19 (C.D. Cal. Jan. 30, 2012); *Gallegos v. Quantum Servicing Corp.*, 2010 U.S. Dist. LEXIS 58361 (S.D. Cal. 2010). Rather, Sections 2924-2924k of the civil code "provide a comprehensive framework for the regulation of a nonjudicial foreclosure sale pursuant to a power of sale contained in a deed of trust. *See Moeller v. Lien, supra*.

Here, Plaintiff alleges that "none of the Defendants were/are present holders in due course of Plaintiff's Note such that they can enforce Plaintiff's obligation and demand mortgage payments." FAC, ¶ 49. However, Plaintiff's attempt to bring this case under the scope of Section 3301 of the UCC (*id.*, ¶ 48) fails. *See, e.g., Rieger, supra*, 2013 U.S. Dist. LEXIS 58232, at *15 ("There is no requirement that any of the entities physically possess the note secured by the deed of trust or that any of them be a person entitled to enforce the note under [UCC] § 3301." (internal citations omitted).

**D.    Securitization does not Invalidate the Foreclosure Proceedings.**

Plaintiff appears to challenge the securitization process and allege that the foreclosure proceedings are invalid as a result of securitization. *See, e.g.,* FAC, ¶ 17. Plaintiff also alleges that certain irregularities occurred during the alleged securitization of his loan because the requirements of the Pooling and Servicing Agreement ("PSA") were not followed (*see* FAC, ¶¶ 24-25) and as a result, Defendants could not assert that they had any interest in his note or DOT. *Id.*, ¶¶ 28-29. This allegation has been considered, and rejected throughout federal courts in California. *See, e.g., Reyes-Aguilar v. Bank of Am.*, 2014 U.S. Dist. LEXIS 37036, at *10 (N.D. Cal. Mar. 20, 2014) ("The bulk of Plaintiffs' claims are based on an oft-repeated and oft-rejected premise, i.e., the beneficiary that initiated foreclosure of the Property was not the true beneficiary of the DOT because of irregularities in the securitization process that resulted in a broken chain of title. This legal theory, as advanced by Plaintiffs' attorneys, has been rejected numerous times by federal courts in California.") (collecting cases).

Plaintiff bases his supposition on New York trust law. FAC, ¶ 28. However, the DOT expressly states that "[t]his Security Instrument shall be governed by federal law and the law of the jurisdiction *in which the Property is located.*" RJN, Ex. A at ¶ 16 (emphasis added). The Property is located in San Bernardino County, California. *Id.* Therefore, federal law and California state law apply, and Plaintiff's contention that New York law may have been violated is irrelevant.

Borrowers, such as Plaintiff, lack standing to challenge the process by which a mortgage is (or is not) securitized, because the individual borrowers are not parties to the PSA. *See Reyes-Aguilar, supra,* at *14-15; *accord Armeni v. America's Wholesale Lender, et al.*, 2012 U.S. Dist. LEXIS 24004 (C.D. Cal. Feb. 24, 2012) (plaintiff lacked standing to challenge the process by which his mortgage could have been securitized because he was not a party to the PSA). Therefore, his allegations of improper securitization are misplaced.

## V. THE FIRST CLAIM FOR DECLARATORY RELIEF FAILS.

Plaintiff seeks declaratory relief claiming that "neither [BNYM] or [BANA] had a secured or unsecured legal, equitable, or pecuniary interest in the lien evidenced by the deed of trust...." FAC, ¶ 78. As a result, the "competing allegations made by Plaintiff ... establish that a real and actual controversy exists as to the respective rights of the parties to this matter, including ownership of the Property." *Id.,* ¶ 79.

As a threshold matter, declaratory relief is a form of relief, not an independent cause of action. *See Pua,* 2011 U.S. Dist. LEXIS 82624, at *14 ("As such, a claim for declaratory relief is improper where, as here, the claim merely replicates other substantive causes of action asserted in the pleading."); *accord Thompson v. Residential Credit Solutions, Inc.*, 2012 U.S. Dist. LEXIS 61598, *17 (E.D. Cal. May 2, 2012) ("[b]ecause plaintiff's other claims have been dismissed and declaratory relief is not a cause of action in and of itself, the court must grant [defendants'] motion to dismiss.").

Nevertheless, Plaintiff is not entitled to declaratory relief. As discussed *supra*, not one of Plaintiff's contentions regarding invalidity of the ADOT is supported by the law or the documents themselves. Additionally, as discussed above, Plaintiff's attempt to apply the UCC and its "holder in due course" requirements has regularly been rejected by the courts. Thus, as no controversy exists, Plaintiff is not entitled to declaratory relief.

## VI. THE SECOND CLAIM FOR NEGLIGENCE FAILS.

In order to state a claim for negligence, a plaintiff must plead: "(1) a legal duty to use reasonable care; (2) breach of that duty, and (3) proximate [or legal] cause between the breach; and (4) the plaintiff's injury." *Mendoza v. City of L.A.*, 66 Cal. App. 4th 1333, 1339 (1998).

### A. Lenders and Servicers do not Owe a Duty of Care to Borrowers Under these Circumstances.

"The existence of a duty of care owed by a defendant to a plaintiff is a prerequisite to establishing a claim for negligence." *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1093 (1991). "The existence of a legal duty to use reasonable care in a particular factual situation is a question of law for the court to decide." *Vasquez v. Residential Invs., Inc.*, 118 Cal. App. 4th 269, 278 (2004). Here, Plaintiff cannot allege the existence of a legal duty.

"[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark*, 231 Cal. App. 3d at 1096. Absent "special circumstances not present here a loan transaction is at arm's length and there is no fiduciary relationship between the borrower and lender." *Oaks Mgmt. Corp. v. Super. Ct.*, 145 Cal. App. 4th 453, 466 (2006). The same rules apply to a loan servicer. A loan servicer does not owe a duty to the borrower of the loan it is servicing. *Castaneda v. Saxon Mortg. Servs.*, 687 F. Supp. 2d 1191, 1198 (E.D. Cal. 2009) ("As a servicer of the loan, Saxon does not owe a duty to the

borrowers of the loans it services.").

In this present case, Defendants were either the lenders (or their assignees or successors), or the servicers on Plaintiff's loan. Neither a mortgage servicer nor a mortgage lender owes any duty of care to a borrower absent some special relationship. Here, Plaintiff alleges nothing beyond the ordinary lender/borrower scheme.

Realizing this failure, Plaintiff states in a footnote that while "[n]ormally lenders and servicers do not owe a borrower a duty of care," a lender or a servicer "may be liable for negligence if it fails to discharge it contractual duties with reasonable care." FAC ¶ 87, n.13. For support, Plaintiff cites *Das v. Bank of America*, 186 Cal. App. 4th 727, 741 (2010). But this case is unhelpful to Plaintiff's claim for several reasons. First, *Das* discusses the bank/depositor relationship, not the lender/borrower relationship, which exists here. *Id.* at 732-33. Second, *Das* reaffirmed that, where a lender is merely acting in the capacity of a lender of money there is no cause of action for negligence. *Id.* at 740. Third, *Das* affirmed dismissal, without leave to amend, of a negligence claim against a bank by a customer because the alleged "suggested" wrongs "fail to state claims for breach of fiduciary duty or negligence." *Id.* at 741.

Plaintiff has simply alleged that Defendants did what any lender would do when dealing with a delinquent borrower; they attempted to collect their debt, and when that failed, they exercised their power of sale on the security. Plaintiff's negligence claim fails.

## VII. THE CLAIM FOR QUASI-CONTRACT ALSO FAILS.

Plaintiff's third cause of action, for quasi-contract, is simply a claim for unjust enrichment, which is not recognized under California law. *Supervalu, Inc. v. Wexford Underwriting Managers, Inc.*, 175 Cal. App. 4th 64, 78 (2009) ("If an entity obtains a benefit that it is not entitled to retain, the entity is unjustly enriched.

-11-
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

The aggrieved party is entitled to restitution, which is synonymous with quasi-contractual recovery.").

Plaintiff bases his claim on his allegation that BNYM and BANA accepted monthly payments to which they were not entitled. FAC, ¶ 93. But a party cannot sue for quasi-contract when there is "a valid express contract covering the same subject matter," such as the DOT here. *Raisin Bargaining Ass'n v. Hartford Cas. Ins. Co.*, 715 F. Supp. 2d 1079, 1090 (E.D. Cal. 2010). Therefore, this claim must fail.

## VIII. THE CLAIM FOR VIOLATION OF 15 U.S.C. § 1692 (FDCPA) FAILS.

Plaintiff next asserts a claim for violation of Section 1692 of the United States Code – the Fair Debt Collection Practices Act ("FDCPA"). The basis for his cause of action is that Defendants attempted to collect on his loan while they were unauthorized to do so. Specifically, Plaintiff alleges that Defendants unlawfully collected his mortgage payments because BANA did not own the loan and BNYM was not the valid assignee. FAC, ¶ 107. This assertion fails for the multitude of reasons already stated.

Moreover, the FDCPA does not apply to mortgage lenders or servicers. Rather, the FDCPA applies only to a "debt collector," defined as "a person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6); *Reed v. Wells Fargo Home Mortg. Inc.*, 2010 U.S. Dist. LEXIS 131321, at *19 (E.D. Cal. Dec. 10, 2010) (relying on the same definition of the California state equivalent to the FDCPA). California courts have routinely held that foreclosure proceedings are not considered debt collections under the FDCPA under the facts as alleged here. *See Hedman v. Aurora Loan Servs.*, 2010 U.S. Dist. LEXIS 138001, at *10-12 (E.D. Cal. Dec. 22, 2010) (dismissing FDCPA claim against a loan servicer); *Walker v. Equity 1 Lenders Grp.*, 2009 U.S.

Dist. LEXIS 40991, at *19-20 (S.D. Cal. May 14, 2009) (same); *Zepeda v. OneWest Bank FSB*, 2011 U.S. Dist. LEXIS 143298, at *13 (N.D. Cal. Dec. 13, 2011) ("to the extent that OneWest and/or MERS were undertaking certain debt collection activities, they were doing so on their own behalf, and are not liable for those actions under the FDCPA."). Therefore, Plaintiff cannot state a claim under the FDCPA.

## IX. PLAINTIFF'S CLAIM FOR VIOLATION OF CAL. CIV. CODE § 1788 (ROSENTHAL ACT) FAILS AS A MATTER OF LAW

Plaintiff's next claim, for violation of Section 1788 *et seq.* of the California Civil Code (the Rosenthal Fair Debt Collection Practices Act) ("Rosenthal Act") is also fatally deficient. The Rosenthal Act is California's state law equivalent of the FDCPA. Just as the FDCPA, the Rosenthal Act governs the conduct of "debt collectors." *Arikat v. JP Morgan Chase & Co.*, 430 F. Supp. 2d 1013, 1026 (N.D. Cal. 2006) (noting that the Rosenthal Act sets forth prohibited conduct of "debt collectors"). Therefore, to state a claim under the Rosenthal Act, Plaintiff must first "allege that each defendant is a 'debt collector' with respect to Plaintiff[]." *Id.*; *see also Park v. U.S. Bank Nat'l Ass'n*, 2011 U.S. Dist. LEXIS 103593, at *14 (S.D. Cal. Sept. 13, 2011) (granting motion to dismiss causes of action for violations of the FDCPA and Rosenthal Act because the complaint failed "to adequately allege how each Defendant constitutes a debt collector pursuant to the acts, and how each Defendant violated the acts").

Here, Plaintiff's complaint is entirely devoid of any factual allegations that Defendants are "debt collectors" within the meaning of the statute. He simply states, at the beginning of the FAC, that each Defendant "is a debt collector pursuant to [the FDCPA], and pursuant to the Rosenthal Act." FAC, ¶¶ 7-9. This is insufficient to support such a claim. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (a court is not required to accept "as true

conclusory allegations that are contradicted by documents referred to in the complaint."). Therefore, this claim also fails.

## X. THE CLAIM UNDER CAL. BUS & PROF. CODE § 17200 FAILS.

Plaintiff alleges that Defendants violated California's Unfair Competition Law under Business and Professions Code § 17200 *et seq.* ("UCL") by virtue of the conduct alleged in his other causes of action, and his conclusory allegations of statutory violations. A UCL claim is predicated entirely upon a violation of another statutory or common law. Thus, a UCL claim stands or falls "depending on the fate of antecedent substantive causes of action." *Krantz v. BT Visual Images,* 89 Cal. App. 4th 164, 178 (2001). As Plaintiff's entire theory of the case – that the Assignment is invalid – is fatally deficient, so too is the UCL claim predicated upon this theory.

"When the Legislature has permitted certain conduct, 'courts may not override this determination,' by declaring such conduct actionable under … section 17200.'" *Puentes v. Wells Fargo Home Mortg., Inc.,* 160 Cal. App. 4th 638, 644 (2008) (citing *Calif. Med. Ass'n v. Aetna US Healthcare, Inc.,* 94 Cal. App. 4th 151, 169 (2001)). In this case, Defendants have fully complied with the California non-judicial foreclosure statutory scheme, and nothing but conclusory allegations have been presented to the contrary.

## XI. PLAINTIFF'S CLAIM FOR ACCOUNTING ALSO FAILS.

Plaintiff indicates that he is in need of an accounting of his payments for the last five years so that he can determine what is actually owed. FAC, ¶ 135. Plaintiff cannot maintain a cause of action for an accounting because this claim requires the existence of a fiduciary duty owed by Defendants to Plaintiff, and no such duty exists.

"Ordinarily, a plaintiff must demonstrate a fiduciary relationship between herself and the defendant as well as refer to a sum owed to her by the defendant in order to successfully bring a claim in equity for an accounting." *Hafiz v.*

*Greenpoint Mortg. Funding, Inc.*, 652 F. Supp. 2d 1039, 1043 (N.D. Cal. 2009). But "absent special circumstances . . . a loan transaction is at arm's length and there is no fiduciary relationship between the borrower and lender." *Perlas v. GMAC Mortgage, LLC*, 187 Cal. App. 4th 429, 437 (2010); *Nymark*, 231 Cal. App. 3d at 1096 (same). "A lender 'owes no duty of care to the [borrowers] in approving their loan.'" *Perlas*, 187 Cal. App. 4th at 429 (internal citation omitted). Where there is no fiduciary relationship, there can be no cause of action for an accounting. Therefore, Plaintiff's claim must fail.

## XII. PLAINTIFF'S CLAIM FOR CIVIL CONSPIRACY FAILS.

Plaintiff cannot assert a claim for conspiracy. Civil conspiracy is not an independent cause of action. Rather, it is "a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration." *Farmers Ins. Exch. v. Steele Ins. Agency, Inc.*, 2014 U.S. Dist. LEXIS 14357, at *9 (E.D. Cal. Feb. 4, 2014). "Standing alone, a conspiracy does no harm and engenders no tort liability. It must be activated by the commission of an actual tort." *Id.*, at *9-10 (citing *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 510-11 (1994)).

Plaintiff appears to allege that Defendants conspired to commit wrongful foreclosure as to the Property. First, "a conspirator cannot be liable unless he personally owed a duty of care to Plaintiff that was breached." *Lingad v. IndyMac Fed. Bank*, 682 F. Supp. 2d 1142, 1150 (E.D. Cal. 2010). Defendants did not owe a duty of care to Plaintiff, as shown above. Additionally, to the extent Plaintiff is claiming that the foreclosure proceedings were wrongful because they lacked the authority to foreclose, that claim is also invalid. *Supra.*

### A. Plaintiff Failed to Tender his Considerable Indebtedness.

Plaintiff lacks standing to assert his claim due to his failure to satisfy the tender requirement. California law is clear that a plaintiff must tender the amount of

-15-
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

the secured debt in order to challenge foreclosure proceedings. *See, e.g., Abdallah v. United Sav. Bank,* 43 Cal. App. 4th 1101, 1109 (1996). Plaintiff fails to satisfy the tender requirement, and accordingly lacks standing to assert any claims challenging the foreclosure.

### B. Plaintiff Cannot Overcome the Conclusive Presumption that the Sale was Valid.

"A properly conducted nonjudicial foreclosure sale constitutes a final adjudication of the rights of the borrower and lender." *Moeller, supra,* 25 Cal. App. 4th at 831. "As a general rule, a trustee's sale is complete upon acceptance of the final bid." *Nguyen v. Calhoun,* 105 Cal. App. 4th 428, 440-441 (2003). "If the trustee's deed recites that all statutory notice requirements and procedures required by law for the conduct of the foreclosure have been satisfied, a rebuttable presumption arises that the sale has been conducted regularly and properly; this presumption is ***conclusive*** as to a bona fide purchaser." *Moeller,* 25 Cal. App. 4th at 831 (citations omitted) (emphasis added).

Here, the Property was purchased at the trustee's sale by a bona fide third party purchaser for value. RJN, Ex. H. The trustee's deed upon sale contains a recital that all notice requirements and procedures had been satisfied. *Id.* Accordingly, Plaintiff cannot overcome the conclusive presumption of validity.

As Plaintiff cannot allege a claim for wrongful foreclosure, his claim for conspiracy to commit wrongful foreclosure necessarily fails. With no underlying tort, the conspiracy claim alone is not a proper cause of action.

///
///
///

## XIII. CONCLUSION

For the above reasons, Defendants respectfully submit that Plaintiff's Complaint should be dismissed in its entirety pursuant to Rule 12(b)(6). Each claim contains fatal defects, incapable of cure through amendment. Therefore, Defendants request that the Court dismiss Plaintiff's First Amended Complaint in its entirety, without leave to amend.

DATED: August 8, 2014

Respectfully submitted,

MCGUIREWOODS LLP

By: /s/ Adam F. Summerfield
Adam F. Summerfield, Esq.
Attorneys for Defendants
BANK OF NEW YORK MELLON as Trustee; RECONTRUST COMPANY, N.A.; BANK OF AMERICA, N.A; and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2014, I electronically filed the foregoing document entitled **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** with the Clerk of the Court for the United States District Court, Central District of California using the CM/ECF system and served a copy of same upon all counsel of record via the Court's electronic filing system.

I served the above document by U.S. Mail to:

Lawrence A. Goudie
4031 N. F Street
San Bernardino, CA 92407

By: /s/ Adam F. Summerfield