# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | ED CV 14-0539 PA (PJWx) | Date | September 8, 2014 |
|---|---|---|---|
| Title | Lawrence A. Goudie v. Bank of New York Mellon, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Julieta Lozano | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS – COURT ORDER

Before the Court is a Motion to Dismiss filed by defendants Bank of America Home Loans, Bank of America N.A., Bank of New York Mellon, Mortgage Electronic Registration Systems Inc, and ReconTrust Company N.A. (collectively "Defendants") (Docket No. 13).  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument.  The hearing calendared for September 8, 2014, is vacated, and the matter taken off calendar.

## I.      Background

Plaintiff Lawrence A. Goudie ("Plaintiff"), who is appearing pro se, filed this action seeking damages and equitable relief arising out of Plaintiff's procurement of a home loan, the failure to make payments on that loan, and the subsequent foreclosure and trustee's sale.  Plaintiff entered into a $300,000 home loan with America's Wholesale Lender on December 7, 2005.  Plaintiff filed the Complaint on March 20, 2014, and the First Amended Complaint ("FAC") on July 29, 2014.

The FAC alleges claims for:  (1) Declaratory Relief; (2) Negligence; (3) Quasi Contract (4) Violation of 15 U.S.C. § 1692, the Fair Debt Collection Practices Act ("FDCPA"); (5) Violation of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"); (6) Violation of California Business and Professions Code section 17200, et seq.; (7) Accounting; and (8) Civil Conspiracy.

In their Motion, Defendants contend that Plaintiff failed to state a claim because, among other reasons, Defendants are not debt collectors within the meaning of the FDCPA and RFDCPA.  While Defendants moved to dismiss each of the claims alleged in the FAC, the Court addresses only the federal law claims.

## II.      Standard on Motion to Dismiss

Generally, plaintiffs in federal court are required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  While the Federal Rules allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," they

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 14-0539 PA (PJWx) | Date | September 8, 2014 |
|---|---|---|---|
| Title | Lawrence A. Goudie v. Bank of New York Mellon, et al. | | |

also require all pleadings to be "construed so as to do justice." Fed. R. Civ. P. 12(b)(6), 8(e). The purpose of Rule 8(a)(2) is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957)). The Ninth Circuit is particularly hostile to motions to dismiss under Rule 12(b)(6). See, e.g., Gilligan v. Jamco Dev. Corp. , 108 F.3d 246, 248–49 (9th Cir. 1997) ("The Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to state a claim.") (internal quotation omitted).

However, in Twombly, the Supreme Court rejected the notion that "a wholly conclusory statement of a claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery." Twombly, 550 U.S. at 561, 127 S. Ct. at 1968 (internal quotation omitted). Instead, the Court adopted a "plausibility standard," in which the complaint must "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]." Id. at 556, 127 S. Ct. at 1965. For a complaint to meet this standard, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 555, 127 S. Ct. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (alteration in original)); Daniel v. County of Santa Barbara, 288 F.3d 375, 380 (9th Cir. 2002) ("'All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.'") (quoting Burgert v. Lokelani Bernice Pauahi Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1964–65 (internal quotations omitted). In construing the Twombly standard, the Supreme Court has advised that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

**III.    Analysis**

Because the Court's jurisdiction is premised upon Plaintiff's claim for violation of the FDCPA, the Court will address that claim first.[1/] Plaintiff's fourth cause of action alleges a claim against

---

[1/]    In addition to alleging jurisdiction based on 28 U.S.C. § 1331 and 28 U.S.C. § 1367, Plaintiff's FAC alleges jurisdiction based on 28 U.S.C. § 1332. However, both Plaintiff and defendant ReconTrust Company, N.A., are citizens of California. Therefore, the Court does not have diversity jurisdiction over this action.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | ED CV 14-0539 PA (PJWx) | Date | September 8, 2014 |
|---|---|---|---|
| Title | Lawrence A. Goudie v. Bank of New York Mellon, et al. | | |

Defendants for violation of the FDCPA, 15 U.S.C. § 1962.  The FDCPA prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt[,] . . . including the false representation of . . . the character, amount, or legal status of any debt . . . and the threat to take any action which cannot be legally taken."  15 U.S.C. § 1962e(2)(A), (5).  Plaintiff alleges that Defendants violated these provisions.

Defendants assert that they are not "debt collectors" as defined by the FDCPA.  Under the FDCPA, "[t]he term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6).  Plaintiff's FDCPA claim fails against Defendants, because the Act does not cover "any person collecting or attempting to collect any debt . . . to the extent such activity . . . (iii) concerns a debt which was not in default at the time it was obtained by such person."  Id. § 1692a(6)(f); S. Rep. 95-382, 1977 WL 16047, at *3 ("[T]he committee does not intend the definition to cover . . . the collection of debts, such as mortgages and student loans, by persons who originated such loans; mortgage service companies and others who service outstanding debts for others, so long as the debts were not in default when taken for servicing . . . .").

Further, California courts have routinely held that foreclosure proceedings are not considered debt collections under the FDCPA under similar facts as alleged here.  See Hedman v. Aurora Loan Servs., 2010 U.S. Dist. LEXIS 138001, at *10-12 (B.D. Cal. Dec. 22, 2010) (dismissing FDCPA claim against a loan servicer); Walker v. Equity 1 Lenders Grp., 2009 U.S. Dist. LEXIS 40991, at *19-20 (S.D. Cal. May 14, 2009) (same); Zepeda v. OneWest Bank FSB, 2011 U.S. Dist. LEXIS 143298, at*13 (N.D. Cal. Dec. 13, 2011) ("to the extent that OneWest and/or MERS were undertaking certain debt collection activities, they were doing so on their own behalf, and are not liable for those actions under the FDCPA.").

Plaintiff's Opposition argues that defendants BOA and RECON have both admitted in writing to being Debt Collectors.  (Opposition, Ex. C & D).  Defendants respond that the attached exhibits, which are form letters stating that BANA and ReconTrust are "debt collectors," do not mean that they are debt collectors within the meaning of the FDCPA.  The Court finds that Defendants are mortgagors or mortgage servicing companies, and therefore are not debt collectors within the meaning of the FDCPA.

The Court therefore dismisses Plaintiff's FDCPA claim with prejudice.  Moreover, to the extent that Plaintiff's declaratory relief claim relies on Plaintiff's FDCPA claim, the declaratory relief claim fails to state a claim.  Any declaratory relief claim based on a violation of FDCPA is also dismissed with prejudice.

C.    Remaining Claims

The Court has only supplemental jurisdiction over Plaintiff's remaining state law claims under 28 U.S.C. § 1367(a).  Once supplemental jurisdiction has been established under § 1367(a), a district

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 14-0539 PA (PJWx) | Date | September 8, 2014 |
|---|---|---|---|
| Title | Lawrence A. Goudie v. Bank of New York Mellon, et al. | | |

court "can decline to assert supplemental jurisdiction over a pendant claim only if one of the four categories specifically enumerated in section 1367(c) applies." Executive Software v. U.S. Dist. Court for the Cent. Dist. of Cal., 24 F.3d 1545, 1555–56 (9th Cir. 1994). The Court may decline supplemental jurisdiction under § 1367(c) if: "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."

Here, the Court has dismissed all of the federal claims over which it has original jurisdiction. Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. See 28 U.S.C. § 1367(c)(3). The Court therefore dismisses Plaintiff's remaining claims without prejudice.

**Conclusion**

For the foregoing reasons, Defendants' Motion to Dismiss is granted with respect to Plaintiff's FDCPA claim. That claim is dismissed with prejudice as to all defendants. The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims and dismisses those claims without prejudice. Therefore, the Court declines to address the sufficiency of Plaintiff's state law claims. Pursuant to 28 U.S.C. § 1367(d), this Order acts to toll plaintiffs' statute of limitations on their state law claim for a period of thirty (30) days, unless state law provides for a longer tolling period. Accordingly, Plaintiff may wish to re-file his state law claims in the Los Angeles Superior Court. The Court will issue a Judgment consistent with this Order.

IT IS SO ORDERED.